# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE: 3:11cv242-RJC

| | |
|---|---|
| BILLY NELSON HAMMOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TROOPER NASH (FNU), OFFICER ) | |
| HUFFSTICKLER (FNU), ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint pursuant to 42 U.S.C. § 1983, filed May 13, 2011. (Doc. No. 1).

Plaintiff currently is incarcerated in Georgia. In his Complaint, Plaintiff alleges that on June 5, 2008, he was traveling north by car on I-77 with Trooper Nash in pursuit. At some point, another state trooper and Officer Huffstickler joined the pursuit. Plaintiff alleges that during the chase, Officer Huffstickler performed a "pitt maneuver" at an unsafe speed, causing Plaintiff to be ejected from the car in which he was traveling. According to Plaintiff, he suffered multiple broken bones and permanent nerve damage and was in a coma for days after the accident.

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners

seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof.

The claim against Defendant Nash will be dismissed for failure to state a claim for which relief may be granted. 28 U.S.C. § 1915A(b)(1). Plaintiff has failed to identify any act on Nash's part that deprived him of a right secured by federal law.

As for Officer Huffstickler, Plaintiff has failed to identify him with sufficient detail to allow summons to be issued. Fed. R. Civ. P. Rule 4. While it is evident from the Complaint that Defendant Nash was employed by the State Highway Patrol on the date of the alleged incident, the Complaint does not provide any way to identify Officer Huffstickler.

**IT IS, THEREFORE, ORDERED THAT** Defendant Nash is dismissed and should be removed from the caption of this case.

**IT IS FURTHER ORDERED THAT** Plaintiff shall have 15 days from the entrance of this Order to file a document in this Court that, at a minimum, identifies the law enforcement agency with whom Officer Huffstickler was employed on the date of the alleged incident. Failure to provide the requested information shall result in the dismissal of Plaintiff's Complaint.

**SO ORDERED**.

Signed: May 16, 2011

Robert J. Conrad, Jr.
Chief United States District Judge