UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv242-RJC

| | |
|---|---|
| BILLY NELSON HAMMOCK, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER HUFFSTICKLER (FNU), )<br>)<br>    Defendant. )<br>) | ORDER |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff currently is incarcerated in Georgia. In his Complaint, filed May 13, 2011, Plaintiff alleges that on June 5, 2008, he was traveling north by car on I-77 with Trooper Nash (FNU) of the North Carolina State Highway Patrol in pursuit. (Doc. No. 1 at 4). At some point, two more state troopers joined the pursuit.[1] (Id.) Plaintiff alleges that during the chase, Trooper Huffstickler (FNU) performed a "pitt [sic] maneuver"[2] at an unsafe speed, causing Plaintiff to be ejected from the car in which he was traveling. (Id.) According to Plaintiff, he suffered multiple broken bones and permanent nerve damage and was in a coma for days after the accident. (Id.)

---

[1] By a separate filing, Plaintiff identified Defendant Huffstickler as an officer of the North Carolina State Highway Patrol. (Doc. No. 4).

[2] A "PIT" Maneuver, used to refer to a "precision immobilization technique," "pursuit immobilization technique," or "precision intervention technique," is "a law enforcement procedure whereby a police officer bumps the rear quarter panel of the suspect's vehicle with the front quarter panel of the officer's vehicle, sending the suspect vehicle into a spin." Wilkinson v. Torres, 610 F.3d 546, 549 n.1 (9th Cir. 2010), cert. denied, 131 S.Ct. 1492 (2011).

## II. LEGAL STANDARD

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof.

Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof. 28 U.S.C. § 1915A(b)(1). The Court's initial review of a pro se complaint in a proceeding must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court has conducted an initial review of Plaintiff's Complaint and has determined that it shall be dismissed in its entirety for failure to state a claim.

## III. DISCUSSION

The threshold question is whether Defendant's action violated any of Plaintiff's rights secured by federal law. The Fourth Amendment provides the right to be free from excessive force in the course of an investigatory stop or other seizure of the person. See Graham v. Connor, 490 U.S. 386, 394-95 (1989). Terminating a car chase by intentionally striking a fleeing vehicle constitutes a "seizure" for Fourth Amendment purposes. See Brower v. County of Inyo, 489 U.S. 593, 596-97 (1989).

As Brower makes clear, however, a seizure alone is not sufficient for § 1983 liability.

489 U.S. at 599. Whether a seizure violates the Fourth Amendment turns on whether the manner in which the seizure was effected was "objectively unreasonable." See Scott v. Harris, 550 U.S. 372, 381 (2007). In determining whether the force used to effect a particular seizure is reasonable, the Court "must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." United States v. Place, 462 U.S. 696, 703 (1983). The reasonableness of a seizure must be judged from the viewpoint of a reasonable officer on the scene, irrespective of the officer's underlying intent or motivation, and depends on the totality of the facts and circumstances of each case. See Graham v. Connor, 490 U.S. 386, 396-97 (1989) (explaining that the reasonable seizure test takes into account "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.").

Here, Plaintiff has failed to allege sufficient facts to state a Fourth Amendment excessive force claim. See Bell Alt. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."); see also Jenkins v. Medford, 119 F.3d 1156, 1160 (4th Cir. 1997) (en banc) (stating that an inquiry into the sufficiency of a complaint requires the court to consider whether the complaint alleges deprivation of a constitutional right). A claim is not required to state detailed factual allegations, but must provide "more than an-unadorned, the-defendant-unlawfully-harmed-me accusation." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Plaintiff has failed to allege any facts that would allow this Court to infer that Defendant Huffstickler's use of a PIT maneuver to stop the vehicle was objectively unreasonable. Plaintiff has only alleged that Defendant Huffstickler executed the PIT maneuver in an unsafe manner. As such, Plaintiff's allegations of a seizure

conducted in an unsafe manner do not amount to a Fourth Amendment violation. See Dodd v. City of Norwich, 827 F.2d 1, 7-8 (2d Cir. 1987) (on re-argument) ("The [F]ourth [A]mendment . . . only protects individuals against 'unreasonable' seizures, not seizures conducted in a 'negligent' manner. The Supreme Court has not yet extended liability under the fourth amendment to include negligence claims.").

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED that**:

Plaintiff's Complaint under 42 U.S.C. § 1983 (Doc. No. 1) is **DISMISSED** for failure to state a claim.[3]

Signed: August 22, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

---

[3] Plaintiff has had at least two other civil actions dismissed for failure to state a claim. See Hammock v. Downie, No. 1:10cv135 (S.D. Ga. closed Feb. 16, 2011); Hammock v. Neller, No. 1:09cv161 (S.D. Ga. closed Dec. 17, 2010).