# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE: 3:11cv242-RJC

| | |
|---|---|
| **BILLY NELSON HAMMOCK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **TROOPER NASH (FNU), OFFICER** ) | |
| **HUFFSTICKLER (FNU),** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court upon Plaintiff's motion for reconsideration. (Doc. No. 9).[1]

On May 13, 2011, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 in which he alleged that on June 5, 2008, during a high speed chase, Defendant Huffstickler of the North Carolina Highway Patrol performed a "pitt maneuver"[sic][2] at an unsafe speed, causing Plaintiff to be ejected from the car in which he was traveling. (Doc. No. 1). The Court dismissed the Complaint on initial review, finding that on the facts alleged, Plaintiff had not stated a claim for

---

[1]Plaintiff does not state which Federal Rule of Civil Procedure he relies upon in bringing his motion for reconsideration. The Court will construe it as a Rule 59(e) motion, as it was filed within the time limits for bring a Rule 59(e) motion and "call[s] into question the correctness of that judgment." MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 280 (4th Cir. 2008); accord Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 n. 4 (4th Cir. 2011).

[2]A "PIT" Maneuver, used to refer to a "precision immobilization technique," "pursuit immobilization technique," or "precision intervention technique," is "a law enforcement procedure whereby a police officer bumps the rear quarter panel of the suspect's vehicle with the front quarter panel of the officer's vehicle, sending the suspect vehicle into a spin." Wilkinson v. Torres, 610 F.3d 546, 549 n.1 (9th Cir. 2010), cert. denied, 131 S.Ct. 1492 (2011).

which relief could be granted. (Doc. No. 7 at 3-4).

The Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) "'to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006) (quoting Pacific. Ins. Co. v. American. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). Such a motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. Pac. Ins. Co., 148 F.3d at 403.

Although he does not say so, it appears that Plaintiff is relying on the third basis for Rule 59(e) relief—preventing "manifest injustice." In support of his motion, Plaintiff adds a few new facts, and several conclusory allegations, to those already made in the Complaint. A motion under rule 59(e), however, may not be used "to enable a party to complete presenting his case after the court has ruled against him." In re Reese, 91 F.3d 37, 39 (7th Cir. 1996) (citation and quotation omitted), *cited with approval in* Pac. Ins. Co., 148 F.3d at 403.[3]

Plaintiff has not shown any basis under Rule 59(e) for the Court to reconsider its Order dismissing his Complaint. Plaintiff has not shown that there has been an intervening change in controlling law, that he has new evidence that was not previously available, or that the Court committed a clear error of law or that dismissal of his claims will result in manifest injustice.

---

[3]The Court notes that even with the additional facts, Plaintiff has not alleged sufficient facts that would allow this Court to infer that Defendant Huffstickler's use of the PIT maneuver was objectively unreasonable. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (A claim is not required to state detailed factual allegations, but must provide "more than an-unadorned, the-defendant-unlawfully-harmed-me accusation."); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."); Jenkins v.Medford, 119 F.3d 1156, 1160 (4th Cir. 1997) (*en banc*) (stating that an inquiry into the sufficiency of a complaint requires the court to consider whether the complaint alleges a deprivation of a constitutional right).

See Pacific. Ins. Co., 148 F.3d at 403.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to reconsider (Doc. No. 9) is **DENIED**.

Signed: September 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge